# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MICHAEL RIVERA, | : |
| Petitioner | : CIVIL ACTION NO. 3:13-2225 |
| v. | : (JUDGE MANNION) |
| WARDEN DAVID EBBERT, | : |
| Respondent | : |

## MEMORANDUM[1]

Petitioner, Jose Michael Rivera, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks two separate convictions imposed by the Court of Common Pleas for York County, Pennsylvania. (Doc. No. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

**I.    Background**

The following background has been extracted from the Pennsylvania Superior Court's March 9, 2012 Opinion, affirming the state court's denial of Rivera's petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§9541, et seq. ("PCRA"). (Doc. No. 5, Ex. 7, Memorandum Opinion dated March 9, 2012).

> On January 11, 1988, at case CP-67-CR-0002264-1987, Appellant entered a guilty plea to one count of delivery of drugs and one count of criminal conspiracy to deliver drugs. On April 28, 1988, the trial court sentenced Appellant to two concurrent terms of 2 to 4 years' imprisonment. Appellant did not file a direct appeal from the judgment of sentence.
>
> On May 16, 1989, at case CP-67-0002659-1988, Appellant entered a guilty plea to one count of corrupt organizations. On May 16, 1989, the trial court sentenced Appellant pursuant to a plea bargain to 1 to 3 years' imprisonment. The sentence at CP-67-CR-0002659-1988 was ordered to rune consecutive to the sentence at CP-67-CR-0002264-1987. Appellant did not file a direct appeal from the judgment of sentence.
>
> On August 4, 2009, Appellant filed a "Motion to Vacate Judgment and Sentence Pursuant to the [PCRA]." In this motion Appellant asserted that he was sentenced recently on Federal criminal charges, and alleged that his counsel was ineffective for inducing him to enter guilty pleas at case CP-67-CR-0002264-1987 and case CP-67-CR-0002659-1988. Specifically, Appellant alleged that his counsel was ineffective for failing to advise Appellant that as a result of the guilty pleas/convictions, he may receive an enhanced sentence if convicted of a crime in the future.
>
> The PCRA court deemed Appellant's motion a PCRA petition, and

> on August 12, 2009, denied Appellant relief. The PCRA court concluded that Appellant was not entitled to relief because: (1) Appellant had completed his sentences imposed at case CP-67-CR-0002264-1987 and case CP-67-CR-0002659-1988, and (2) Appellant's PCRA petition was untimely. Appellant filed a notice of appeal to this Court, and we dismissed the appeal because Appellant failed to file a docketing statement under Pa.R.A.P. 3517. Thereafter, Appellant took no further action concerning his appeal.
>
> On June 13, 2011, Appellant filed his second PCRA petition, essentially asserting the same allegations that he advanced in his first PCRA. In response, the Commonwealth filed a motion to dismiss. On June 221, 2011, the PCRA court granted the Commonwealth's motion to dismiss, concluding that Appellant was not entitled to relief because: (1) Appellant completed his sentences imposed at case CP-67-CR-0002264-1987 and case CP-67-CR-0002659-1988, (2) Appellant's PCRA petition was untimely, and (3) Appellant's claims of ineffective assistance of counsel was previously litigated. However, prior to granting the Commonwealth's motion, the PCRA court did not provide Appellant with the twenty day notice of its intent to dismiss the PCRA petition as required by Pa.R.Crim.P. 907(1).
>
> On July 18, 2011, Appellant filed a timely notice of appeal. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.
>
> On appeal, Appellant contends that the PCRA court erred in dismissing his PCRA petition and abused its discretion by failing to issue the requisite twenty day notice under Pa.R.Crim.P. 907(1).

Id. By Memorandum Opinion dated March 9, 2012, the Pennsylvania Superior Court affirmed the PCRA court's order denying Rivera's second PCRA petition, even though the PCRA court failed to issue the notice required by

3

Pa.R.Crim.P. 907(1). Id. Petitioner then filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied on August 22, 2012. (Doc. No. 5, Ex. 6, Appeal Docket Sheet). No further appeal or collateral challenges to his conviction or sentence were filed.

On August 23, 2013, Rivera filed the instant petition for writ of habeas corpus. (Doc. No. 1, petition). He once again challenges his guilty pleas at case CP-67-CR-0002264-1987 and case CP-67-CR-0002659-1988. Specifically, Rivera raises the following three grounds for relief: (1) Ineffective assistance of counsel; (2) lower court error in considering the PCRA petition as untimely; and (3) lower court error in failing to serve notice of intent to dismiss the petition. Id.

By Order dated October 31, 2013, this court raised, *sua sponte*, the statute of limitations bar, and directed the parties to address the timeliness of the instant petition. (See Doc. No. 4, Order).

On November 22, 2013, Respondent filed an answer to the petition, arguing that the statute of limitations bars the petition, and the Petitioner is no longer serving a sentence in these cases. (Doc. No. 5, answer). No reply has been filed by Petitioner.

## II.     **Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction

proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include

the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

In this case, because Petitioner failed to file a direct appeal, his January 11, 1988 conviction at CP-67-CR-0002264-1987 became final on February 11, 1988 and his May 16, 1988 conviction at CP-67-CR-0002659-1988 became final on June 16, 1989, at the expiration of the thirty-day period to file

a direct appeal to the Pennsylvania Superior Court. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). However, where, as here, a prisoner's conviction became final on direct review prior to the effective date of the AEDPA (April 24, 1996), the limitations period began running on April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); see also Harris, 209 F.3d at 328. Thus, the clock for filing a §2254 petition began on April 24, 1996, and Rivera had until April 23, 1997, to file a timely habeas corpus petition. Burns, 134 F.3d at 111. The instant petition was not filed until August 23, 2013, more than sixteen years after the limitations period expired. As such, the petition for habeas corpus relief under §2254 appears to be barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

As noted above, the one-year statute of limitations is tolled during the time petitioner had pending in state courts a properly filed PCRA petition. Petitioner filed his first PCRA petition on August 4, 2009, more than twelve years after the AEDPA statute of limitations expired. Petitioner's PCRA petition does not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir.2004) (petitioner's untimely PCRA petition

did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed").

Petitioner's second PCRA petition, filed on June 13, 2011, also was filed after the expiration of the AEDPA statute of limitations and, therefore, does not toll the statute of limitations. Additionally, on June 21, 2011, the PCRA court dismissed the second PCRA petition as untimely. Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

Moreover, although the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period, Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

Finally, the Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the very order he is attacking when the petition is filed, in order for this Court to have jurisdiction. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (*per curiam*). No court has held that a habeas petitioner is in custody when a sentence imposed by the order he is challenging had fully expired at the time the petition was filed. Indeed, the Supreme Court held that its decision in Carafas v. LaVellee, 391 U.S. 234 (1968) "strongly implies the contrary." Maleng, 490 U.S. at 491. In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied. Maleng, 490 U.S. at 491 (citing Carafas, 391 U.S. at 238). The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition

was filed. Maleng, 490 U.S. at 492 (citing Carafas, 391 U.S. at 238). Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[2] Maleng, 490 U.S. at 492.

Here, it is evident that Rivera's 1988, and 1989, state court convictions, resulting in a seven year maximum sentence, had fully expired before he filed for federal habeas relief on August 23, 2013. Thus, Rivera fails to satisfy the "in custody" requirement under §2254. As the Morgan Court indicated, "[t]he United States Supreme Court has clearly stated 'that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.' " Id., at * 3(citing Maleng, 490 U.S. at 492). See also Rodland v. Shannon, 2007 WL 1217852, *1 (M.D. Pa.) (this Court found that it did not have jurisdiction under §2254(a) to consider a habeas petition in which Petitioner was seeking to challenge an

---

[2] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

expired sentence for which he was no longer in custody, and which expired prior to his filing of his habeas petition, based on his claim that his illegal 1996 conviction was used to enhance his sentence he was serving when he filed his habeas petition).[3]

### III. **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition. Additionally, this Court is without jurisdiction because Petitioner is no long in custody on his challenged convictions.

---

[3] In Rodland, Petitioner claimed that his arson sentence, which he was serving when he filed his habeas petition, was enhanced by an alleged illegal 1996 conviction which had expired. Rivera, similarly claims that his 1988 and 1989 convictions have been used to enhance his current federal sentence. (Doc. No. 1 at 19).

## IV.     Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DENIED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ <i>Malachy E. Mannion</i><br>
**MALACHY E. MANNION**<br>
**United States District Judge**

Dated:   January 27, 2014
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2225-01.wpd